IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


MICHELLE L. DORCEY,

          **Plaintiff,**


    **vs.**                          **Civil Action 2:11-CV-622**
                                      **Judge Frost**
                                      **Magistrate Judge King**


MOLLY CLEMENTS, *et al.*,

          **Defendants.**


## OPINION and ORDER

This is a civil rights action under 42 U.S.C. §1983 in which plaintiff, a former trooper with the Ohio State Highway Patrol, alleges that her rights under the Fourth and Fourteenth Amendments were denied when she was involuntarily committed to a psychiatric facility. Count 3 of the original complaint asserts, *inter alia*, a claim of intentional infliction of emotional distress against defendant Netcare Corporation ["Netcare"], identified as a mental healthcare facility. *Complaint*, Doc. No. 2, ¶ 5. Defendant Netcare moved to dismiss that claim for failure to meet the pleading standards of *Ashcroft v. Iqbal,* 129 S.Ct. 1937 (2009), *Netcare's Partial Motion to Dismiss Plaintiff's Intentional Infliction of Emotional Distress Claim*, Doc. No. 21. This matter is now before the Court on plaintiff's motion to amend the complaint, *Plaintiff's Motion for Leave to Amend*, Doc. No. 24. Defendant Netcare opposes that motion, *Memo. in Opp.*, Doc. No. 26, and plaintiff has filed a reply in support of the motion, *Reply,* Doc. No. 27.

Plaintiff's motion is governed by Rule 15(a) of the Federal Rules of Civil Procedure. That rule provides that "[t]he court should freely

give leave [to amend] when justice so requires." F.R. Civ. P. 15(a)(2).
"[T]he thrust of Rule 15 is to reinforce the principle that cases 'should
be tried on their merits rather than the technicalities of pleadings.'"
*Moore v. City of Paducah,* 790 F.2d 557, 559 (6th Cir. 1986) quoting *Tefft
v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982).

The grant or denial of a request to amend a complaint is left to the
broad discretion of the trial court. *General Elec. Co. v. Sargent &
Lundy,* 916 F.2d 1119, 1130 (6th Cir. 1990). In exercising its discretion,
the trial court may consider such factors as "undue delay, bad faith or
dilatory motive on the part of a movant, repeated failures to cure
deficiencies by amendments previously allowed, undue prejudice to the
opposing party by virtue of allowance of the amendment [and] futility of
the amendment." *Foman v. Davis,* 371 U.S. 178, 182 (1962).

However, leave to amend is properly denied where the claim sought
to be asserted by the amendment would not survive a motion to dismiss.
*Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006)("A district court may
deny a plaintiff leave to amend his or her complaint. . . when the
proposed amendment would be futile.")

By her motion, plaintiff intends to address the pleading issues
raised by Netcare's motion to dismiss.[1] Netcare opposes that effort,
arguing that the proposed amended fails to allege facts sufficient to
state a claim of intentional infliction of emotional distress. Under Ohio
law, the necessary elements of a claim of intentional infliction of
emotional distress are the following:

> 1) the defendant intended to cause emotional
> distress or knew or should have known that

---

[1]Plaintiff's motion also proposes to add a negligence claim against
defendant Netcare. *Amended Complaint*, ¶¶ 85 - 93. Defendant Netcare does not
oppose plaintiff's proposed pleading in this regard.

> actions taken would result in severe emotional
> distress, (2) the defendant's conduct was so
> extreme and outrageous that it went beyond all
> bounds of decency and was such as to be
> considered utterly intolerable in a civilized
> community, (3) the defendant's actions
> proximately caused plaintiff's psychic suffering,
> and (4) the plaintiff suffered serious mental
> anguish of a nature that no reasonable person
> could be expected to endure.

*Callaway v. Nu-Cor Automotive Corp.*, 166 Ohio App. 3d 56, 64 (Ohio 10th

Dist. Ct. App. 2006). *See also Yeager v. Local Union 20 Teamsters,*

*Chauffeurs, Warehousemen & Helpers of America*, 6 Ohio St. 3d 369

(1983).

As it relates to Netcare, the proposed *Amended Complaint,*

attached to plaintiff's motion, alleges that this defendant "did

nothing to investigate the veracity of" misrepresentations made by

other defendants about plaintiff's mental health, but "instead

immediately start[ed] involuntary commitment proceedings based

entirely on false, uncorroborated representations . . . ." *Id.,* ¶20.

Netcare allegedly failed to conduct an interview sufficient to "assess

whether [plaintiff] was a danger to herself or others," *id.*, ¶23, and

its officer "prepared false documents." *id.*, ¶25. Moreover, the

proposed *Amended Complaint* alleges, the Netcare health officer who

involuntarily committed plaintiff lacked the proper training,

education and background to make an accurate assessment of plaintiff's

potential threat to herself or others. *Id.*, ¶¶ 30 – 32. As a result

of her involuntary commitment, plaintiff alleges, she "has suffered

emotional distress, mental anguish, embarrassment, anxiety, and

depression . . . ." *Id.,* ¶41. In this Court's view, these allegations

are sufficient to withstand a motion to dismiss.

Defendant Netcare contends that the proposed *Amended Complaint* fails to allege facts sufficient to establish "an intent to cause harm." *Memo. in Opp*., p. 4. However, this Court is persuaded that the facts alleged sufficiently meet the requisite mental element of plaintiff's claim of intentional infliction of emotional distress – *i.e.*, that Netcare either "knew or should have known" that its actions would result in severe emotional distress to plaintiff. *See Callaway,* at 64. Furthermore, and Netcare's argument to the contrary notwithstanding, the Court concludes that the proposed *Amended Complaint*, in alleging that Netcare's agent failed to conduct an independent investigation and "prepared false documents," adequately alleges conduct on the part of Netcare that "was so extreme and outrageous that it went beyond all bounds of decency and was such as to be considered utterly intolerable in a civilized community." *Id*. Finally, the proposed *Amended Complaint* expressly alleges that, as a result of Netcare's alleged misconduct, plaintiff suffered "emotional distress, mental anguish, embarrassment, anxiety, and depression . . . ." *Amended Complaint,* ¶41.

In short, the Court concludes that *Plaintiff's Motion for Leave to Amend* is meritorious. Whether or not plaintiff can establish a right to recovery on this basis awaits further development.

**WHEREUPON**, *Plaintiff's Motion for Leave to Amend*, Doc. No. 24, is **GRANTED**. The Clerk is **DIRECTED** to file the *Amended Complaint* attached to the motion.

The filing of the *Amended Complaint* renders moot *Netcare's Partial Motion to Dismiss Plaintiff's Intentional Infliction of Emotional Distress Claim*, Doc. No. 21, which addresses the original

*Complaint*.  The Clerk is therefore **DIRECTED** to remove that motion from the Court's pending motions list.

     **IT IS SO ORDERED.**


                          *s/ Norah McCann King*
                              Norah McCann King
November 15, 2011           United States Magistrate Judge