UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MICHELLE L. DORCEY,**

      **Plaintiff,**            Case No. 2:11-cv-622
                                       JUDGE GREGORY L. FROST
      **v.**                        Magistrate Judge Norah McCann King

**MOLLY CLEMENTS, et al.,**

      **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of the following filings:

(1) a motion to dismiss (ECF No. 10) filed by Defendants Molly Clemens, Chad Neal, and Marcia Carroll;

(2) a combined memorandum in opposition and motion to certify a question to the Supreme Court of Ohio (ECF No. 14) filed by Plaintiff;

(3) a memorandum in opposition to the motion to certify (ECF No. 16) filed by Defendants; and

(4) a reply memorandum (ECF No. 20) filed by Plaintiff.

For the following reasons, this Court **DENIES** Plaintiff's motion to certify (ECF No. 14) and **GRANTS** Defendants' motion to dismiss (ECF No. 10).

## I. Background

According to the First Amended Complaint, Plaintiff, Michelle L. Dorcey, was a Ohio State Highway Patrol trooper. Defendants Molly Clemens, Chad Neal, and Marcia Carroll are

1

all State of Ohio employees who work for the Ohio State Highway Patrol. Following a July 2010 incident involving these four individuals, the details of which are not important for present purposes, Plaintiff's last day of active employment was November 30, 2010. Plaintiff subsequently filed the instant action in which she asserts both federal claims under 42 U.S.C. § 1983 and various state law claims. Defendants have filed a motion to dismiss the state law claims (ECF No. 10), and Plaintiff responded by filing a motion to certify a question to the Supreme Court of Ohio (ECF No. 14). The parties have completed briefing on the motions, which are ripe for disposition.

## II. Discussion

### A. Standard Involved

Defendant moves for dismissal under Federal Rules of Civil Procedure 12(b)(1), which provides that an action may be dismissed for lack of subject matter jurisdiction. Under the Federal Rules of Civil Procedure, "[p]laintiffs have the burden of proving jurisdiction in order to survive a Rule 12(b)(1) motion . . . ." *Weaver v. Univ. of Cincinnati*, 758 F. Supp. 446, 448 (S.D. Ohio 1991) (citing *Moir v. Greater Cleveland Reg'l Transit Auth*., 895 F.2d 266, 269 (6th Cir. 1990)). *See also Rapier v. Union City Non-Ferrous, Inc*., 197 F. Supp. 2d 1008, 1012 (S.D. Ohio 2002) (citing *McNutt v. General Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S. 178, 189 (1936); *Rogers v. Stratton Indus., Inc*., 798 F.2d 913, 915 (6th Cir. 1986)) ("The plaintiff bears the burden of establishing, by a preponderance of the evidence, the existence of federal subject matter jurisdiction").

Rule 12(b)(1) motions to dismiss based upon a lack of subject matter jurisdiction generally come in two varieties, either facial or factual attacks on the complaint. *United States v.*

*Ritchie*, 15 F.3d 592, 598 (6th Cir. 2004). A facial attack on the subject matter jurisdiction alleged by a complaint merely questions the sufficiency of the pleading. *Id.* In reviewing such a facial attack, a trial court takes the allegations in the complaint as true, a similar safeguard employed under Rule 12(b)(6) motions to dismiss. *Id.* On the other hand, when a court reviews a complaint under a factual attack, no presumptive truthfulness applies to the factual allegations. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). *See also Nat'l Ass'n of Minority Contractors v. Martinez*, 248 F. Supp. 2d 679, 681 (S.D. Ohio 2002). As a result, this Court may weigh the evidence and resolve any factual disputes when adjudicating such a jurisdictional challenge. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 2004) (citing *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)).

### B. Analysis

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any foreign state." U.S. Const. amend. XI. "The States' immunity from suits in federal court applies to claims against a State by citizens of the same State as well as to claims against a State by citizens of another State." *Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005) (citing *Hans v. Louisiana*, 134 U.S. 1, 21 (1890); *Alden v. Maine*, 527 U.S. 706, 728 (1999); *Barton v. Summers*, 293 F.3d 944, 948 (6th Cir. 2002)). It is well settled that sovereign immunity applies to "state agents and instrumentalities," in addition to the states themselves. *Beil v. Lake Erie Corr. Records Dep't*, 282 F. App'x 363, 366 (6th Cir. 2008) (citing *Regents of Univ. of Calif. v. Doe*, 519 U.S. 425, 429 (1997)); *see also Alabama v. Pugh*, 438 U.S. 781, 782 (1978) ("There can be no doubt,

3

however, that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless [the State] has consented to the filing of such a suit."). Consequently, a state is immune from suit in federal court unless Congress abrogates the state's sovereign immunity, the state waives its sovereign immunity, or the suit is against a state official and seeks prospective injunctive and declaratory relief to end a continuing violation of federal law. *Carten v. Kent State Univ.*, 282 F.3d 391, 398 (6th Cir. 2002).

Ohio's waiver of immunity under Ohio Revised Code § 2743.02 is involved here. That statute provides in relevant part that

> [a] civil action against an officer or employee . . . that alleges that the officer's or employee's conduct was manifestly outside the scope of the officer's or employee's employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims, which has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity . . . and whether the courts of common pleas have jurisdiction over the civil action.

Ohio Rev. Code § 2743.02(F)(1). Invoking immunity, Defendants Clemens, Neal, and Carroll argue that this Court lacks subject matter jurisdiction over Plaintiff's state law claims because Plaintiff has failed to file in the state court of claims.

In response, Plaintiff argues that the state's statutory scheme improperly ensnares her in a Catch-22 in which, if she first filed in the court of claims, she risks losing the right to pursue her 42 U.S.C. § 1983 claims. If instead she filed her federal claims, Plaintiff then posits, she would in turn lose the right to pursue her state law claims in the court of claims. This scenario arises as a result of § 2743.02, which provides:

> Except in the case of a civil action filed by the state, *filing a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act*

4

> *or omission, which the filing party has against any officer or employee*, as defined in section 109.36 of the Revised Code. The waiver shall be void if the court determines that the act or omission was manifestly outside the scope of the officer's or employee's office or employment or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner.

Ohio Rev. Code § 2743.02(A)(1) (emphasis added). Plaintiff challenges the constitutionality of this waiver provision, asserting that it violates the Supremacy Clause of the United States Constitution, her due process rights, or unidentified "other state or federal constitutional rights." (ECF No. 14, at 2.) She asserts that because the Supreme Court of Ohio has not directly addressed the constitutionality of the § 2743.02(A)(1) waiver provision, this Court should certify the constitutionality issue to the state court

Defendants oppose certification. They argue that because the Court lacks subject matter jurisdiction over Plaintiff's state law claims, it must deny the request for certification and dismiss the claims involved. Alternatively, Defendants contend that even if jurisdiction exists, certification would be improper because the Supreme Court of Ohio only accepts certification of a question of Ohio law. They reason that because Plaintiff invokes in part federal constitutional rights as grounds for attacking the § 2743.02(A)(1) waiver, Plaintiff is attempting to certify a federal question to the state court. Defendants then reject Plaintiff's unspecific reference to "other state . . . constitutional rights" as failing to articulate a specific question of Ohio law. Finally, Defendants assert that the Supreme Court of Ohio has already addressed the constitutionality of § 2743.02 in *Conley v. Shearer*, 64 Ohio St.3d 284, 595 N.E.2d 862 (1992).

This Court agrees with at least part of Defendants' argument. In *Conley*, the state court explained that § 2743.02 "does not violate any substantive rights." *Id.* at 292, 595 N.E.2d at 869. The Supreme Court of Ohio also explained that it is not necessary for a plaintiff to comply with

the requirements of § 2743.02 in bringing a § 1983 claim (although such a decision carries consequences as discussed below). *Id.* at 293, 595 N.E.2d at 870. This precedent and subsequent federal decisions weigh against granting the request for certification.

Pursuant to Rule XVIII of the Rules of Practice of the Supreme Court of Ohio, a federal court may certify questions of law to the Supreme Court of Ohio when "there is a question of Ohio law that may be determinative of the proceeding and for which there is no controlling precedent in the decisions of [the] Supreme Court." R. Prac. S. Ct. Ohio XVIII § 1; *see Super Sulky Inc. v. U.S. Trotting Ass'n*, 174 F.3d 733, 744 (6th Cir. 1999). It is well settled that "mere difficulty in ascertaining local law is no excuse" for a district court to certify a question. *Lehman Bros. v. Schein*, 416 U.S. 386, 390 (1974). Moreover, when a question is genuinely unsettled under Ohio law and is properly certifiable under Rule XVIII, certification by the district court is not mandatory. *See id.* at 390-91 ("We do not suggest that where there is doubt as to local law and where the certification procedure is available, resort to it is obligatory."). Rather, the decision to certify rests within the sound discretion of the district court. *Id.* at 391.

Federal courts have certified questions of state law in cases where the interests of judicial and economic efficiency are best served through certification and in cases involving conflicting federal interpretations as to an important state law question that would otherwise evade state court review. *See Arizonans for Official English v. Ariz.*, 520 U.S. 43, 76 (1997) (certification encouraged when leading to judicial and economic efficiency); *Geib v. Amoco Oil Co.*, 29 F.3d 1050, 1060 (6th Cir. 1994) (certification of question where conflicting interpretations existed between federal courts in interpreting a state law). Although certification to the Supreme Court of Ohio is more economically efficient for unsettled questions in some cases, it is clear that

"certification . . . entails more delay and expense than would an ordinary decision of the state question on the merits by the federal court." *Lehman Bros.*, 416 U.S. at 394 (Rehnquist, J., concurring) (citing *Clay v. Sun Ins. Office, Ltd.*, 363 U.S. 207, 226-27 (1960)). Certification is therefore inappropriate when "a district court . . . believes that it can resolve an issue of state law with available research materials already at hand, and makes the effort to do so." *Id.* at 395.

To determine whether certification is warranted, this Court must consider whether the proffered question involves "Ohio law that may be determinative of the proceeding." R. Prac. S. Ct. Ohio XVIII § 1. Only part of Plaintiff's unspecific arguments rests on Ohio law. But even assuming that the question posed by Plaintiff may be regarded as satisfying this first hurdle, the Court must still consider whether the question presents an issue "for which there is no controlling precedent in the decisions of [the Supreme Court of Ohio]." R. Prac. S. Ct. Ohio XVIII § 1; *see Super Sulky Inc.*, 174 F.3d at 744. *Conley* informs this latter inquiry. The Supreme Court of Ohio found that the statutory scheme does not present an equal protection violation or a violation of *any* substantive right of the state or federal constitutions. If not providing an outright answer to Plaintiff's concerns, this suggests the answer to her question and renders certification inappropriate. Moreover, the Sixth Circuit has provided consistent guidance on the waiver issue that both pre- and post-dates *Conley*. *Herstrum v. Hodge*, 121 F.3d 708, 1997 WL 452299, at *3 (6th Cir. 1997) (unpublished table decision) ("[Appellant] argues that this court should certify to the Ohio Supreme Court the question of whether the waiver found in § 2743.02(A)(1) includes federal causes of action against state employees. While there is no controlling Ohio Supreme Court precedent on the issue, certification to the Ohio Supreme Court is unnecessary since the question has been squarely addressed by this circuit on several

occasions."). The Court in its discretion therefore denies the motion to certify. (ECF No. 14.)

Absent certification, this leaves for disposition the issue of whether this Court possesses subject matter jurisdiction over Plaintiff's state law claims. Plaintiff did not first file in the court of claims. This Court recognizes the choice Plaintiff faced under the statutory scheme, but Plaintiff bears the consequence of her litigation choice to pursue her federal claims as she did. The Sixth Circuit has long recognized the statutory waiver scheme, negating Plaintiff's arguments under the federal constitution. *Herstrum*, 121 F.3d 708, 1997 WL 452299; *Egesimba v. Ohio Dep't of Rehab. & Corr.*, 999 F.2d 539, 1993 WL 262545 (6th Cir. 1993) (unpublished table decision); *Leaman v. Ohio Dep't of Mental Retardation & Dev. Disabilities*, 825 F.2d 946 (6th Cir. 1987). In light of Plaintiff's filing decisions, this Court lacks jurisdiction over her state law claims. Consequently, this Court finds Defendants' motion to dismiss these claims well taken.

### III. Conclusion

The Court **DENIES** Plaintiff's motion to certify (ECF No. 14) and **GRANTS** Defendants' motion to dismiss (ECF No. 10). This Court dismisses Plaintiff's state law claims.

**IT IS SO ORDERED**.

        /s/ Gregory L. Frost
        GREGORY L. FROST
        UNITED STATES DISTRICT JUDGE